IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM EDDIE MOORMAN, <br><br>Petitioner,<br><br>VS.<br><br>RICK THALER, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br><br>Respondent. | § § § § § § § § § § § | NO. 3-12-CV-0359-G-BD |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner William Eddie Moorman, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2004, petitioner pled guilty to burglary of a habitation and was placed on deferred adjudication probation for 10 years. While on probation, petitioner was charged with a state drug offense and theft. Based on the new criminal charges, the state filed a motion to proceed with an adjudication of guilt with respect to the burglary offense. Following a hearing in February 2009, the state court found petitioner guilty of burglary of a habitation, revoked his probation, and sentenced him to 30 years confinement. His conviction and sentence were affirmed on direct appeal. *Moorman v. State*, No. 05-09-00320-CR (Tex. App.--Dallas, Mar. 2, 2010, pet. dism'd). Petitioner also filed four applications for state post-conviction relief. Three writs were dismissed because a direct appeal was pending. *Ex parte Moorman*, WR-73,453-01 (Tex. Crim. App. Feb. 17, 2010);

*Ex parte Moorman*, WR-73,453-02 (Tex. Crim. App. Sept. 15, 2010); *Ex parte Moorman*, WR-73,453-03 (Tex. Crim. App. Dec. 22, 2010). The fourth state writ was dismissed for lack of subject matter jurisdiction. *Ex parte Moorman*, WR-73,453-04 (Tex. Crim. App. Feb. 15, 2012). Petitioner then filed this action in federal district court.

II.

In three broad grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel at his revocation hearing; (2) the state breached the underlying plea agreement; and (3) his sentence was illegally enhanced by a prior void conviction. Respondent counters, *inter alia*, that this case is barred by the AEDPA statute of limitations.[1]

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] Respondent also argues that petitioner's claims are unexhausted and procedurally barred. Because this case is barred by limitations, the court does not reach the exhaustion issue. However, it is worth noting that all three claims raised by petitioner in his federal writ were presented to the Texas Court of Criminal Appeals in writs that were dismissed because a direct appeal was pending. Such a dismissal renders the claims unexhausted for purposes of federal habeas review. *See, e.g. Turner v. Quarterman*, No. 4-06-CV-0079-Y, 2006 WL 2321693 at *2 (N.D. Tex. Aug. 10, 2006), *citing Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 963 (2003).

>   recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

### B.

Petitioner was convicted of burglary of a habitation and sentenced to 30 years confinement. His conviction was affirmed by the state court of appeals on March 2, 2010. *See Moorman*, No. 05-09-00320-CR. Although petitioner filed a petition for discretionary review, the PDR was dismissed as untimely. Therefore, his conviction became final for limitations purposes on April 1, 2010 -- 30 days after the state court of appeals rendered judgment. *See Hurley v. Quarterman*, No. 3-08-CV-2018-P, 2009 WL 856988 at *3 (N.D. Tex. Mar. 30, 2009), *COA denied*, No. 09-10474 (5th Cir. May 21, 2010) (dismissal of untimely PDR does not postpone AEDPA limitations period). Petitioner is not entitled to statutory tolling during the time his first three state writs were pending. *See Larry v. Dretke*, 361 F.3d 891, 892-93 (5th Cir.), *cert. denied*, 125 S.Ct. 141 (2004) (state writ filed during pendency of direct appeal is not "properly filed" within meaning of section 2244(d)(2) and does not toll AEDPA statute of limitations). His fourth state writ was not filed until July 1, 2011 -- more than *three months* after the limitations period expired. Regardless of whether petitioner delivered his federal writ to prison authorities for mailing on November 8, 2011, the date reflected

in his sworn declaration, or shortly before February 3, 2012, the date it was received by the district clerk, the writ is untimely. No explanation has been offered by petitioner to justify this delay or to suggest that equitable tolling is appropriate. Consequently, this action should be dismissed.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE